# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2674

_____

Oscar Olivares

*Plaintiff - Appellant*

v.

Brentwood Industries

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: April 12, 2016
Filed: May 13, 2016

_____

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

After his employment was terminated, Oscar Olivares sued Brentwood Industries for race discrimination. A jury found that he had been terminated because of his race and awarded him $1 in nominal damages. Olivares sought equitable relief

in the form of reinstatement and front pay. The district court[1] concluded that reinstatement was neither possible nor practical and that Olivares had not presented sufficient evidence that he was entitled to front pay. Olivares appeals, and we affirm.

I.

Oscar Olivares is a naturalized American citizen of Mexican origin. He worked in Hope, Arkansas as a shift supervisor for Brentwood Industries (Brentwood) which manufactures water filters for cooling towers. Brentwood originally hired Olivares as a temporary employee in 2001 and promoted him to second shift supervisor in 2007. Some years later in January 2013, Olivares spoke with supervisor Frankie Powell about distributing permanent employment applications to several temporary workers whom he supervised. Powell told Olivares not to give applications to any Mexican temporary worker because the plant manager Jay Travillion did not want to employ any more Mexicans.

On February 7, 2013 Powell observed two workers supervised by Olivares who were not wearing their ear plugs and safety glasses in violation of Brentwood policy. When Powell confronted him about this, Olivares responded that he had not seen any violations. Nonetheless, Olivares and the two workers signed a statement admitting the violation, still protesting that it had never actually occurred. Olivares later admitted that he knew he could have chosen not to sign this document. Travillion called Olivares into his office on February 11 and terminated him because of his safety violation. After he was dismissed, Olivares applied for other supervisor positions through the state unemployment office but was unable to find a job for several months. Then in January 2014, he accepted a job as a forklift driver at Klipsch, another manufacturing plant in Hope.

_____

[1] The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

Olivares sued Brentwood for race discrimination in violation of Title VII and 42 U.S.C. § 1988. On February 20, 2015 a unanimous jury found that Brentwood had terminated Olivares because of his race and awarded $1 in nominal damages. Although Olivares had not presented damage evidence during trial, he asked the district court for equitable relief after the verdict was entered, seeking reinstatement or annual payments of $85,000 in front pay for 18 years.

On June 4, 2015 the district court held a hearing to address his requests for reinstatement and front pay. Olivares testified that he wanted to return to Brentwood as a supervisor and work until he retired. He also testified about the difficulty he had encountered seeking comparable employment in Hope after his termination. The only jobs he had been offered were nonsupervisory positions paying only $7.50 or $8.00 per hour. He explained that he needed a stable job because he wanted to bring his wife to the United States from Mexico, and immigration officials told him that he would have to maintain stable employment with an annual income of at least $21,000. Travillion testified that it would be "unworkable" to rehire Olivares because he had violated the company's trust by "allowing his employees to violate safety rules."

The record included evidence that while Olivares was a supervisor at Brentwood, his annual salary was over $40,000. He also had employer sponsored health insurance, and Brentwood matched his 401(k) plan contributions up to 4% of his annual salary. Olivares submitted two of his December 2012 Brentwood pay stubs to support his testimony about his income there. He testified that his annual salary at Klipsch is about $20,000, that he receives employer sponsored health insurance, and that he has a 401(k) plan without any matching employer contributions. He tried to submit his tax statement from 2014 and some of his older pay stubs from Klipsch, but the court excluded them because they predated the February 20, 2015 verdict. At the conclusion of the equitable relief hearing, the court requested that Olivares submit additional evidence about his post verdict salary, but

his counsel did not supplement the record. Brentwood also did not submit any evidence to rebut his claim for front pay. The district court denied Olivares's motion for reinstatement and front pay, and he appeals.

## II.

We review a district court's decision to deny equitable relief for abuse of discretion. Sayger v. Riceland Foods, Inc., 735 F.3d 1025, 1035 (8th Cir. 2013). An abuse of discretion occurs "if a relevant factor that should have been given significant weight is not considered, if an irrelevant or improper factor is considered and given significant weight, or if a court commits a clear error of judgment in the course of weighing proper factors." Aaron v. Target Corp., 357 F.3d 768, 774 (8th Cir. 2004).

The equitable remedy of reinstatement "should be the norm" when practicable and possible. Kucia v. Se. Ark. Cmty. Action Corp., 284 F.3d 944, 949 (8th Cir. 2002). Reinstatement may however not be possible when there are no comparable positions available. See, e.g., Ray v. Iuka Special Mun. Separate Sch. Dist., 51 F.3d 1246, 1255 (5th Cir. 1995); Duke v. Uniroyal Inc., 928 F.2d 1413, 1423 (4th Cir. 1991). Reinstatement may also not be a practical remedy if "there is such hostility between the parties that a productive and amicable working relationship would be impossible." Denesha v. Farmers Ins. Exch., 161 F.3d 491, 501 (8th Cir. 1998) (internal quotation marks omitted). Normal "friction arising from the litigation process itself" would however not be a sufficient basis for denying reinstatement. Dickerson v. Deluxe Check Printers, Inc., 703 F.2d 276, 281 (8th Cir. 1983). Only "[s]ubstantial hostility, above that normally incident to litigation, is a sound basis for denying reinstatement." United Paperworks Int'l Union v. Champion Int'l Corp., 81 F.3d 798, 805 (8th Cir. 1996).

The district court did not abuse its discretion by denying reinstatement to Olivares. The thirteen comparable supervisory positions at Brentwood had already

been filled. See Ray, 51 F.3d at 1255. The district court also found "there were serious trust issues between the management and Olivares" which could not be "rebuilt." See Denesha, 161 F.3d at 501. Plant manager Travillion testified that Olivares was untrustworthy because he had failed to enforce safety rules at the plant. Olivares claims that the district court erred by crediting Travillion's testimony as a reason to deny reinstatement since the jury had rejected this justification for his termination. "In making a front pay award, the district court is not free to reject or contradict findings by the jury on issues that were properly submitted to the jury." Mathieu v. Gopher News Co., 273 F.3d 769, 778 (8th Cir. 2001) (internal quotation marks omitted). The jury in this case made no findings as to whether Olivares had in fact violated the safety rules or whether Travillion's trust concerns were genuine. We conclude that the district court did not abuse its discretion by concluding that reinstatement was neither possible nor practical.

A district court may award front pay "when extraordinary circumstances render reinstatement impracticable or impossible." Mathieu, 273 F.3d at 778 (internal quotation marks omitted). Front pay is calculated to begin at the date the verdict is entered. See Sellers v. Mineta, 358 F.3d 1058, 1065 (8th Cir. 2004). After a plaintiff proves a basis for a front pay award, the burden shifts to the defendant to disprove the prima facie case. See Curtis v. Elec. & Space Corp., 113 F.3d 1498, 1503 (8th Cir. 1997). The district court did not abuse its discretion by denying front pay to Olivares because he failed to establish a prima facie case for equitable damages. Olivares only provided a vague estimate of his post verdict salary at Klipsch. Front pay should be denied when there is insufficient evidence to support it. See Reneau v. Wayne Griffin & Sons, Inc., 945 F.2d 869, 870 (5th Cir. 1991).

Olivares argues that he satisfied his evidentiary burden by testifying about his $20,000 annual salary from Klipsch, his past rate of pay, and the length of time he expected to work at Brentwood had he not been terminated. The district court declined to speculate about a damage award based solely on Olivares's testimony that

-5-

his annual salary was $20,000.  See Dollar v. Smithway Motor Xpress, Inc., 710 F.3d 798, 809 (8th Cir. 2013).  Olivares had not submitted evidence like current Klipsch pay stubs or other documents showing his post verdict pay.  While he contends that the district court abused its discretion by requiring him to present expert testimony to substantiate his front pay claim, the court merely mentioned expert testimony as one type of supporting evidence.  Because the district court reasonably determined that Olivares had failed to establish a prima facie case for front pay, the burden never shifted to Brentwood to disprove it.  See Curtis, 113 F.3d at 1503.

Finally, Olivares argues for the first time on appeal that the district court should have implemented a hybrid form of equitable relief—such as interim front pay—until a supervisor position opened at Brentwood and reinstatement was possible.  Even if Olivares had raised this argument below, the district court would not have abused its discretion by denying such relief because Olivares had not pled a prima facie case for front pay.  Delayed reinstatement would also have been impractical since the court found that Brentwood's management distrusted Olivares because the employees he supervised had allegedly committed safety violations.

For these reasons the judgment of the district court is affirmed.

_____