SHEPHERD, Circuit Judge.
 

 Following our prior remand,
 
 Qwest Communications Corp. v. Free Conferencing Corp.
 
 ,
 
 837 F.3d 889
 
 (8th Cir. 2016), the district court
 
 [1]
 
 reconsidered Qwest Communications'
 

 (Qwest) unjust-enrichment claim against Free Conferencing (FC), which it had previously denied. The district court again denied Qwest's claim, albeit for different reasons. The district court found that, although Qwest had shown it conferred a benefit upon FC and FC accepted that benefit, it would not be inequitable for FC to retain that benefit without paying Qwest. The district court explained that FC earned that benefit because it provided conference-calling services, 24-hour customer support, and access to a website in exchange for two cents per minute for calls placed to FC's conferencing bridges at Sancom. Moreover, Qwest paid its own conference-calling vendor, Genesys, between two and four-and-a-half cents per minute. Qwest again appeals. Having jurisdiction pursuant to
 
 28 U.S.C. § 1291
 
 , we affirm.
 

 I.
 

 In reviewing a judgment after a bench trial, we review the district court's factual findings and credibility determinations for clear error, and its legal conclusions de novo. We will overturn a finding of fact only if it is not supported by substantial evidence, it is based on an erroneous view of the law, or we are left with a definite and firm conviction that an error has been made.
 

 Qwest
 
 ,
 
 837 F.3d at 895
 
 (internal citations and quotation marks omitted).
 

 Qwest argues the district court erred when it found FC was not unjustly enriched. "Unjust enrichment is an equitable remedy,"
 

 id.
 

 at 899 (citing
 
 Dowling Family P'ship v. Midland Farms
 
 ,
 
 2015 S.D. 50
 
 , ¶ 10,
 
 865 N.W.2d 854
 
 , 860 ), "and we review a district court's decision to deny an equitable remedy for abuse of discretion."
 

 Id.
 

 (citing
 
 Olivares v. Brentwood Indus.
 
 ,
 
 822 F.3d 426
 
 , 429 (8th Cir. 2016) ).
 
 [2]
 
 "A district court abuses its discretion if it fails to consider a relevant factor that should have been given significant weight, if it considers an improper or irrelevant factor, or if it 'commits a clear error of judgment in the course of weighing proper factors.' "
 

 Id.
 

 (quoting
 
 Aaron v. Target Corp.
 
 ,
 
 357 F.3d 768
 
 , 774 (8th Cir. 2004) );
 
 cf.
 

 Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.
 
 ,
 
 572 U.S. 559
 
 , 563 n.2,
 
 134 S.Ct. 1744
 
 ,
 
 188 L.Ed.2d 829
 
 (2014) ("The abuse-of-discretion standard does not preclude an appellate court's correction of a district court's legal or factual error: 'A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.' " (quoting
 
 Cooter & Gell v. Hartmarx Corp.
 
 ,
 
 496 U.S. 384
 
 , 405,
 
 110 S.Ct. 2447
 
 ,
 
 110 L.Ed.2d 359
 
 (1990) )).
 

 "To establish a claim for unjust enrichment, the plaintiff must prove (1) it conferred a benefit upon another; (2) the other accepted or acquiesced in that benefit; and (3) it would be inequitable to allow the other to retain that benefit without paying."
 
 Qwest
 
 ,
 
 837 F.3d at
 
 899 (citing
 
 Dowling
 
 ,
 
 2015 S.D. 50
 
 , ¶ 19,
 
 865 N.W.2d at
 
 862 ). "[T]he fact that a benefit is retained, enjoyed, and profitably exploited by the recipient, all without compensation, does not necessarily mean that the recipient has been unjustly enriched."
 

 Id.
 

 (alteration in
 original) (internal quotation marks omitted). "Rather, the beneficiary must obtain the benefit in a manner that the law regards as unjustified."
 

 Id.
 

 (internal quotation marks omitted). "[T]he relevant inquiry is whether the circumstances are such that equitably the beneficiary should restore to the benefactor the benefit or its value."
 

 Id.
 

 (alteration in original) (quoting
 
 Hofeldt v. Mehling
 
 ,
 
 2003 S.D. 25
 
 , ¶ 18,
 
 658 N.W.2d 783
 
 , 788 );
 
 see also
 

 Mack v. Mack
 
 ,
 
 2000 S.D. 92
 
 , ¶ 27,
 
 613 N.W.2d 64
 
 , 69 ("When unjust enrichment is found, the law implies a contract, which requires the defendant to compensate the plaintiff for the value of the benefit conferred.").
 

 II.
 

 Based on the circumstances, we find no abuse of discretion by the district court in its conclusion that it would not be inequitable for FC to retain the benefit conferred by Qwest. Ultimately, our decision is driven by the relevant standard of review. "The abuse-of-discretion standard means 'the court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.' "
 
 Novus Franchising, Inc. v. Dawson
 
 ,
 
 725 F.3d 885
 
 , 895 (8th Cir. 2013) (quoting
 
 Kern v. TXO Prod. Corp.
 
 ,
 
 738 F.2d 968
 
 , 970 (8th Cir. 1984) ). "The very concept of discretion presupposes a zone of choice within which the trial courts may go either way."
 
 Id.
 
 at 895-96 (quoting
 
 Kern
 
 ,
 
 738 F.2d at
 
 971 ). We are also "mindful that the district courts are closer to the facts and the parties ...."
 
 Kern
 
 ,
 
 738 F.2d at 970
 
 .
 

 The district court explained that FC earned the benefit conferred by Qwest because it provided conference-calling services, 24-hour customer support, and access to a website in exchange for two cents per minute for calls placed to FC's conferencing bridges at Sancom. Moreover, Qwest paid its own conference-calling vendor, Genesys, between two and four-and-a-half cents per minute. Upon review of the record, we have not identified any relevant factors the district court failed to consider, nor any improper or irrelevant factors that it should not have considered, nor any clear error of judgment on the part of the district court. Nor is the district court's decision legally erroneous, based on our reading of South Dakota law on unjust enrichment.
 

 While the dissent implies FC did not legally acquire the benefit it received from Qwest because it did so "through billing practices that 'were never legal,' "
 
 Qwest
 
 ,
 
 837 F.3d at 899
 
 , and, therefore, it would be inequitable for FC to retain the benefit conferred by Qwest, the dissent also concedes that we have previously concluded that "FC was not itself acting illegally[.]"
 

 Id.
 

 at 900 ;
 
 cf.
 

 Commercial Trust & Sav. Bank v. Christensen
 
 ,
 
 535 N.W.2d 853
 
 , 858 (S.D. 1995) ("Unjust enrichment claims do not arise simply because the landlord benefits from the efforts of tenants; 'unjust' enrichment implies illegal or inequitable behavior
 
 by the landlord
 
 in obtaining the benefits conferred by the tenant." (emphasis added)). Moreover, FC was not "a party to the FCC proceedings" nor did "the FCC exercise[ ] ... jurisdiction over FC [or] criticize the motives of FC in entering into the contract with Sancom ...."
 
 Qwest
 
 ,
 
 837 F.3d at 901
 
 (Shepherd, J., concurring in part & dissenting in part).
 

 The dissent also asserts the district court failed to consider the access stimulation scheme between FC and Sancom, but the district court, who has presided over this case for over a decade, acknowledged this scheme on remand and in prior proceedings.
 
 See
 

 Qwest Commc'ns Corp. v. Free Conferencing Corp.
 
 , No. 4:07-CV-04147-KES,
 
 2017 WL 5198190
 
 , at *2 (D.S.D. Nov. 9, 2017) ("Sancom and FC split[ ] the access charges paid by [Qwest] on calls destined for FC's conference
 bridges.");
 
 see also
 

 Qwest Commc'ns Corp. v. Free Conferencing Corp.
 
 , No. CIV. 07-4147-KES,
 
 2015 WL 3603866
 
 , at *1 (D.S.D. June 5, 2015) ("During the time period involved in the dispute between Sancom and Qwest, Sancom and FC engaged in access stimulation.");
 
 Qwest Commc'ns Corp. v. Free Conferencing Corp.
 
 , No. CIV. 07-4147-KES,
 
 2014 WL 5782543
 
 , at *17 (D.S.D. Nov. 6, 2014),
 
 aff'd in part, rev'd in part, remanded
 
 ,
 
 837 F.3d 889
 
 (8th Cir. 2016) ("On referral, the FCC found that Sancom and FC engaged in an access stimulation scheme. The evidence at trial showed that FC knew it was taking advantage of Sancom's tariffs by engaging in access stimulation with Sancom.").
 

 Finally, the dissent asserts the district court "gave dispositive weight to an improper factor devised from inapposite South Dakota case law," citing
 
 Parker v. Western Dakota Insurors, Inc.
 
 ,
 
 2000 S.D. 14
 
 ,
 
 605 N.W.2d 181
 
 . However, the district court was not influenced by
 
 Parker
 
 but rather by the fact that, based on the circumstances, it would not be inequitable for FC to retain the benefit without paying Qwest. We left that merits determination to the district court's discretion "based on the full record."
 
 Qwest
 
 ,
 
 837 F.3d at
 
 900 & n.5 ("[E]ven though FC was not itself acting illegally, its conduct
 
 might
 
 be characterized as inequitable ...." (emphasis added)).
 

 Accordingly, the district court's denial of Qwest's unjust-enrichment claim was not an abuse of discretion.
 

 III.
 

 The judgment is affirmed.
 

 The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.
 

 Our case law and South Dakota case law have used "unjust enrichment" and "restitution" synonymously. This use "has become prevalent." James J. Edelman,
 
 Unjust Enrichment, Restitution, and Wrongs
 
 ,
 
 79 Tex. L. Rev. 1869
 
 , 1869 (2001). In this case, however, we will use "unjust enrichment" to refer to Qwest's "claim" and "restitution" as the "equitable remedy" available should liability be established.
 
 See
 

 Johnson v. Larson
 
 ,
 
 2010 S.D. 20
 
 , ¶¶ 8, 11,
 
 779 N.W.2d 412
 
 , 416 (referring to unjust enrichment as a "claim" and restitution as an "equitable remedy").